UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID LEWIS BENTON, SR.**                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:14CV-468-H**

**PAULA SHERLOCK**                                                                        **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff David Lewis Benton, Sr., filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff filed his complaint on a court-approved form. He sues Paula Sherlock, identifying her address as "FM Div # 10 – 700 W. Jefferson St." in Louisville, Kentucky. The Court will take judicial notice that Paula Sherlock is a Family Court Judge in Jefferson County's Tenth Division. As the grounds for filing this case in federal court, Plaintiff states, "Disreguard to Civil Laws & Discrimination & words Pro Se Litigate[;] 42 USC 1985 & 42 USC 1986[.]"

As his statement of the claim, Plaintiff states as follows:

> Paula Sherlock was presented with a attempt of collection case; via Lou Child Support which the matter had no merit; in the year of 2007 – No lawful exercise of dismisal, violations was ever imposed for non producing evidence which was motioned for by the Plaintiff – Subpoenas for bodies which were never present – Requests for trial & video conferances with the said violated for remedy – Non action of returning the Plaintiffs Operators License (suspended by Child Supports Represetive. Penny Houchens fees waived – The case was finally dismissed. in 2014.

As relief, Plaintiff seeks an apology and monetary relief.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Immunity extends to complaints arising out of judicial conduct in criminal as well as civil suits. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Moreover, the common law immunity of judges applies to suits alleging deprivations of constitutional rights. *Id.* A plaintiff may recover damages against a judge only when the judge has acted in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1871)). Furthermore,

"[a]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30 (1988)).

In the instant case, Plaintiff's allegations against Defendant Sherlock clearly arise from her role as the judge in his case before her. Plaintiff does not allege that Defendant Sherlock acted in the absence of jurisdiction or that his claims arise out of any non-judicial act. Therefore, Defendant Sherlock's conduct is protected by judicial immunity, and Plaintiff's claim against her will be dismissed for failure to state a claim upon which relief may be granted.

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

Date:




cc: Plaintiff, *pro se*
    Defendant
4412.010

3